**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE JACKSON, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>MOTIVATE LLC,<br><br>                        Defendant. | Case No.<br><br>REMOVED FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS<br><br>CASE NO. 2022 CH 03807 |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Motivate LLC hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, Motivate LLC states as follows:

1. On April 22, 2022, Michelle Jackson commenced an action against Motivate LLC by filing in the Circuit Court of Cook County, Illinois a complaint styled as *Michelle Jackson, Individually and on Behalf of All Others Similarly Situated*, Case No. 2022-CH-03807. (*See* Pl.'s Compl., attached with a summons hereto as **Exhibit A.**) The Class Action Complaint seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including statutory damages of $5,000 for each intentional and/or reckless violation of BIPA, among others. (Compl. ¶ 94.) Motivate LLC was served with the Complaint on April 25, 2022. (*See* Proof of Service, attached hereto as **Exhibit B.**)

2. Here, removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(d)(2)(A), the latter

being the jurisdictional grant of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(a)(1) ("[t]he District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states); 28 U.S.C. § 1332(d)(2)(A) ("[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also* 28 U.S.C. § 1441(a), (b). Motivate LLC will address each independent basis for jurisdiction.

**I.     REMOVAL IS WARRANTED PURSUANT TO DIVERSITY JURISDICTION**

3.     This Court has jurisdiction over the parties pursuant to diversity of citizenship jurisdiction because the parties are citizens of different states and, based on the allegations in the Complaint, the amount in controversy is satisfied. *See* 28 U.S.C. § 1332(a)(1).

4.     First, complete diversity exists between the parties to the extent that Plaintiff and Motivate LLC are citizens of different states. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity of citizenship jurisdiction "requires complete diversity between the parties").

5.     Plaintiff is a resident and citizen of Illinois. For diversity purposes, a person is a "citizen" of the state in which she is domiciled, *i.e.*, the person's "long-term plan for a state of habitation." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 733 (7th Cir. 2017). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile"). Plaintiff alleges that she "worked for Defendant at its location in Illinois" and, "[w]hile doing so, Plaintiff was a citizen of Illinois." (Compl. ¶ 1.) Further, Plaintiff listed an Illinois address, and maintained an

Illinois address on file for purposes of her personnel file, payroll checks, state payroll, and tax withholdings during the period of her employment with Motivate LLC. (*See* Declaration of Valerie Schrik, attached hereto as **Exhibit C**, at ¶ 21.) Motive LLC is informed and believes, and on that basis alleges, that Plaintiff's last known address is in Illinois. (*Id.*)

6. Motivate LLC is a citizen of a state other than Illinois within the meaning of 28 U.S.C. § 1332(c)(1). For purposes of the diversity requirement, a "corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). In *Hertz*, the Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which "ordinarily equates . . . with a corporation's headquarters." *Id.* at 95.

7. Limited liability companies are deemed to have the citizenship of its members. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 997 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

8. A trust's citizenship is determined by the citizenship of its trustees. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

9. Motivate LLC is a limited liability company formed under the laws of Delaware with its principal place of business in New York. (Schrik Decl. ¶ 4.) Specifically, Motivate LLC's corporate headquarters are located in New York, New York, and the majority of its executive and administrative functions take place in New York. (*Id.* ¶ 5.) This includes final decision-making and oversight of the following operations and divisions: financial, legal, marketing, tax, benefits, information technology, human resources, and the general operations of Motivate LLC's business.

(*Id.*)  Motivate LLC's policies and procedures in connection with these operations and divisions are primarily formulated in New York. (*Id.* ¶ 6.)  Many of Motivate LLC's high-level executives maintain their offices in New York City. (*Id.*)  In sum, the bulk of Motivate LLC's corporate activity is centered in New York; it is the location of the majority of the Motivate LLC's administrative and managerial activities, and is the primary, permanent base of its operations. Accordingly, Motivate LLC's principal place of business is New York, New York under the "nerve center" test. *See Hertz Corp.*, 559 U.S. at 92-93.

10.  Further, none of Motivate LLC's members are citizens of Illinois. The sole member of Motivate LLC is Motivate Holdings LLC. (Schrik Decl. ¶ 7.)  Motivate Holdings LLC is a limited liability company formed under the laws of Delaware, with its headquarters and principal place of business in New York. (*Id.*)  The individual "members" of Motivate Holdings LLC include: (1) Yukon Holdings, LLC; (2) 711 Bikeshare Holdings LLC; (3) Beachbox Holdings II, LLC; (4) Nantucket Holdings I, LLC; (5) Liatroma, LLC; (6) Harvey Spevak 2017 Revocable Trust; (7) Richard L. O'Toole; (8) Joanna Rose; (9) Michael Brenner; and (10) Kenneth Wong. (*Id.* ¶ 8.)

11.  Yukon Holdings, LLC, is a limited liability company formed under the laws of Delaware, with its headquarters and principal place of business in New York. (*Id.* ¶ 9.)  Yukon Holdings, LLC is owned by three individual members. (*Id.*)  Two individual members reside in New Hampshire and one individual member resides in New York. (*Id.*)

12.  711 Bikeshare Holdings LLC is a limited liability company formed under the laws of Delaware, with its headquarters and principal place of business in New York. (*Id.* ¶ 10.)  711 Bikeshare Holdings LLC is owned by six members: two individuals, three trusts, and one LLC. The two individual members reside in New York. The three trusts are controlled by trustees who

all reside in Michigan. (*Id.*) The LLC is owned by a trust, which is controlled by two trustees, who reside in New York and Michigan. (*Id.*)

13. Beachbox Holdings II, LLC is a limited liability company formed under the laws of Delaware, with its headquarters and principal place of business in New York. (*Id.* ¶ 11.) Beachbox Holdings II, LLC is owned by one individual member, who resides in New York, and one trust controlled by one trustee who resides in New Hampshire. (*Id.*)

14. Nantucket Holdings I, LLC is a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in New York. (*Id.* ¶ 12.) Nantucket Holdings I, LLC is owned by two individual members who reside in New York and Massachusetts. (*Id.*)

15. Liatroma, LLC is a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in New York. (*Id.* ¶ 13.) Liatroma, LLC is owned by one individual member who resides in New York. (*Id.*)

16. RLO Group LLC is a limited liability company owned by five individual members, four of which reside in New York and one of which resides in Louisiana. (*Id.* ¶ 14.)

17. The trustee of Harvey Spevak 2017 Revocable Trust is a resident of New York. (*Id.* ¶ 15.)

18. Joanna Rose, an individual member of Motivate Holdings LLC, is a resident of New York. (*Id.* ¶ 16.)

19. Michael Brenner, an individual member of Motivate Holdings , is a resident of New York. (*Id.* ¶ 17.)

20. Kenneth Wong, an individual member of Motivate Holdings LLC, is a resident of New York. (*Id.* ¶ 18.)

21. Accordingly, Plaintiff is a citizen of a different state (Illinois) than Motivate LLC, and diversity of citizenship therefore exists between the Parties.

22. Second, the amount-in-controversy requirement is satisfied. While Motivate LLC denies liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, based on the allegations of the Complaint, Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *see generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (the complaint's allegations and plausible inferences drawn therefrom must be accepted as true for purposes of determining the amount in controversy); *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 409 (6th Cir. 2008) ("In 'a suit instituted in a state court and thence removed,' plaintiffs' claim of damages exceeding the federal amount in controversy is presumed correct unless shown to a legal certainty that the amount is actually less than the federal standard."); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

23. Plaintiff alleges that she worked for Motivate LLC in Illinois (Compl. ¶ 1), and that she "was required to scan at least one finger, multiple times, so that Defendant could create, collect, capture, construct, store, use and/or obtain a biometric template for Plaintiff." (*Id.* ¶ 34.) Plaintiff further alleges that, "[e]ach time Plaintiff began and ended her workday, in addition to clocking in and out for lunches, she was required to scan her [*sic*] using the biometric timeclock device." (*Id.* ¶ 37.)

24. Thus, given that the Complaint is seeking "statutory damages of $5,000 *for each* intentional and/or reckless violation of BIPA" (Compl. ¶¶ 84, 94 (emphasis added)), it is plausible

6

that Plaintiff seeks to recover $5,000 in damages for each time she clocked in and out of work. Plaintiff worked for Motivate LLC from July 28, 2020 to November 30, 2020, such that per-scan damages would readily exceed $75,000. (Schrik Decl. ¶ 20); *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019) (applying a "per scan" theory of damages under BIPA in deeming the amount-in-controversy requirement to be satisfied: "the Court finds that [defendant] has plausibly alleged the requisite amount in controversy for [plaintiff] both individually under § 1332(a) and on a class-wide basis under CAFA" because the "complaint does not include any [damages] limitation and instead suggests the frequent and repeated occurrence of BIPA violations"); *see also Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence").

25. Motivate LLC does ***not*** agree that Plaintiff is entitled to that measure of damages under BIPA[1] but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is ***in controversy*** between the parties." *Id.* (emphasis in original; internal citation and quotation omitted). Accordingly, this case is thus removable under 28 U.S.C. § 1441 on diversity of citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2).

26. Further, Plaintiff is seeking injunctive relief and attorneys' fees and costs (Compl. at p. 17), which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("[i]n actions seeking

---

[1] Motivate LLC denies that Plaintiff has alleged an actionable violation of BIPA each and every time she clocked in and out because, among other reasons, such a result would raise serious constitutional and policy concerns. Nonetheless, for purposes of removal, Plaintiff's allegations must be accepted as true for purposes of determining the amount in controversy. *See CCC Info. Servs., Inc.*, 230 F.3d at 346.

7

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (similar); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar). Therefore, Plaintiff's additional requested relief further sustains that more than $75,000 is at issue and that this Court maintains subject matter jurisdiction under 28 U.S.C. § 1332(a).

## II. REMOVAL IS WARRANTED UNDER CAFA

27. CAFA provides an independent basis for this Court's jurisdiction. This matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges claims on behalf of a class of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (Compl. ¶ 71.) Therefore, this action is properly considered a "class action" under CAFA.

28. The requirement of minimal diversity is also satisfied. Plaintiff is a citizen of Illinois, while Motivate LLC is a citizen of Delaware and New York. (Compl. ¶ 1; Schrik Decl. ¶¶ 20, 4-18); 28 U.S.C. § 1332 (d)(10); *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 910-13 (S.D. Ind. 2008) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998))

8

(holding that under CAFA LLCs are unincorporated associations and therefore citizens of the states under whose laws they are organized and the states in which they maintain their principal places of business); *Gates v. Eagle Foods Grp., LLC*, No. 20 C 6525, 2021 WL 1340805, at *3 (N.D. Ill. Apr. 9, 2021) (similar).

29. Further, the "matter in controversy" aggregated across all the purported class members' claims satisfies CAFA. Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

30. For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). As such, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

31. To that end, where, like here, a plaintiff does not allege the value of his or her claims, "district courts may look outside the pleadings" to assess the amount in controversy. *Id.* In this instance, a "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Bohnenstiehl v. McBride, Lock, & Assocs.*, LLC, No. 16-

CV-306, 2016 WL 6872955, at *2 (S.D. Ill. Nov. 22, 2016); *Woodley v. RGB Grp., Inc.*, No. 05 C 0548, 2006 WL 1697049, at *4 (N.D. Ill. June 13, 2006) (finding amount in controversy met via defendant's affidavit asserting "good faith belief" that the complaint sought damages in excess of the jurisdictional value, coupled with the amount of damages recoverable under the applicable Illinois statute); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (considering estimated class size in finding the jurisdictional amount satisfied); (*see also* Schrik Decl. ¶ 27 (attesting to a good faith belief that the amount in controversy threshold is met in this case).)

32. Motivate LLC denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and the claims for monetary and other relief that allegedly flow therefrom. But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiff or the alleged putative class are entitled to damages or penalties or relief—it is now apparent that although the Complaint does not affirmatively specify a damages figure, the aggregated claims of the alleged putative class exceeds CAFA's jurisdictional minimum.

33. As noted above, the Complaint is seeking up to $5,000 in statutory damages for *each* violation of BIPA on behalf of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (Compl. ¶¶ 71-72.) The Illinois Appellate Court has held that a five-year statute of limitations period applies to claims under subsections of BIPA that are alleged in this case. *See Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, ¶ 35, 184 N.E.3d 466, 473, *appeal allowed*, 184 N.E.3d 1029 (Ill. 2022).

34. Motivate LLC has identified more than 1,000 individuals who have worked at an Illinois location of Motivate LLC at some point between November 30, 2018 and April 22, 2022 (the date on which the Complaint was filed). (Schrik Decl. ¶ 26.) Accordingly, a per-scan

10

damages theory, if applied to the alleged putative class, would far exceed CAFA's jurisdictional minimum.

35. Even under a more conservative damages theory, the CAFA threshold is reached. Given that Plaintiff purports to allege that Motivate LLC violated five different statutory provisions with respect to each putative class member, it is plausible that Plaintiff is seeking statutory damages of up to $5,000 for five separate violations for each class member. (*See, e.g.*, Compl. ¶ 15 (purporting to allege a violation of Section 15(b) of BIPA); ¶ 18 (purporting to allege a violation of Section 15(d) of BIPA); ¶ 19 (purporting to allege a violation of Section 15(a) of BIPA); Compl. ¶ 67 (purporting to allege a violation of Section 15(c) of BIPA); Compl. ¶¶ 69, 73 84, 94 (purporting to allege a violation of Section 15(e) of BIPA)); *see also Tims*, 2021 IL App (1st) 200563, ¶ 30, 184 N.E.3d 466, 472 ("Moreover, as section 20 provides that a "prevailing party may recover for each violation . . . a plaintiff who alleges and eventually proves violation of multiple duties could collect multiple recoveries of liquidated damages.")[2]

36. Motivate LLC has identified more than 1,000 individuals who worked for Motivate LLC in Illinois between November 30, 2018 and April 22, 2022. Plaintiff may contend that each alleged putative class member is entitled to recover $25,000 individually, which would yield damages well exceeding $5,000,000 in the aggregate. Motivate LLC denies that Plaintiff and the purported class could recover damages, much less damages for "willful" violations of BIPA, but for purposes of determining whether subject matter jurisdiction exists under CAFA, the amount in controversy is satisfied.

---

[2] Though Motivate LLC disagrees with the Illinois Appellate Court's *dicta* in *Tims*, it nevertheless supports, for purposes of removal, the plausibility that Plaintiff could recover damages for each subsection violated under BIPA. *See Sabrina*, 869 F.3d at 579.

11

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

37. This Notice of Removal was timely filed within the thirty days provided under 28 U.S.C. § 1446(b) as Plaintiff was served with the Complaint on April 25, 2022. (*See* Ex. B.)

38. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court: under 28 U.S.C. § 93(a)(1), this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

39. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Plaintiff are attached as Exhibit A and Exhibit B.

40. In accordance with 28 U.S.C. §1446(d), Motivate LLC will promptly provide written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

### III. NON-WAIVER

41. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Motivate LLC reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

42. Motivate LLC reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

\* \* \*

For the foregoing reasons, Defendant Motivate LLC files its Notice of Removal, removing

this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: May 25, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Richard P. McArdle*

Richard P. McArdle
rmcardle@seyfarth.com
Danielle M. Kays
dkays@seyfarth.com
Sarah K. Bauman
sbauman@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Motivate LLC***

**CERTIFICATE OF SERVICE**

I, Richard P. McArdle, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served upon counsel for Plaintiff by email on this 25th day of May 2022 and by overnight courier as soon as practicable thereafter.

>Brandon M. Wise
>Paul A. Lesko
>Adam Florek
>PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
>818 Lafayette Ave., Floor 2
>St. Louis, MO 63104
>bwise@peifferwolf.com
>plesko@peifferwolf.com
>aflorek@peifferwolf.com

>*/s/ Richard P. McArdle*