## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE JACKSON, | ) | |
| Individually and On Behalf of | ) | |
| All Others Similarly Situated | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-02772 |
| | ) | |
| v. | ) | |
| | ) | |
| MOTIVATE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant MOTIVATE LLC, by and through its attorneys, Seyfarth Shaw LLP, hereby

submit its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

### COMPLAINT ¶1:

Plaintiff worked for Defendant at its location in Illinois. While doing so, Plaintiff was a citizen of Illinois.

### ANSWER:

Defendant admits the allegations in this paragraph.

### COMPLAINT ¶2:

Defendant Motivate LLC is a Delaware corporation with places of business in Illinois.

### ANSWER:

Defendant admits it is a Delaware corporation and that it has one Illinois facility.

Defendant denies the remaining allegations in this paragraph.

### COMPLAINT ¶3:

Defendant Motivate LLC may be served through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which no answer is required, and, to the extent an answer is required, Defendant denies the allegations in this paragraph.

**COMPLAINT ¶4:**

Jurisdiction is proper in this Court as Plaintiff is a citizen of Illinois and Defendant is a Delaware corporation that does business in Illinois.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which no answer is required, and, to the extent an answer is required, Defendant denies that jurisdiction is proper in state court. Further answering, Defendant states that jurisdiction is proper in federal court, specifically, the U.S. District Court for the Northern District of Illinois, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶5:**

Venue is proper in this court pursuant to 735 ILCS 5/2-101 as, upon information, Defendant does business in this County.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which no answer is required, and, to the extent an answer is required, Defendant denies that venue is proper in the Circuit Court of Cook County, Illinois. Further answering, Defendant states that venue is proper in the U.S. District Court for the Northern District of Illinois, and denies any remaining allegations in this paragraph.

## INTRODUCTION

**COMPLAINT ¶6:**

    While most establishments and employers use conventional methods for tracking time worked (such as ID badge swipes or punch clocks), Defendant, upon information and belief, mandated and required that employees have finger(s) scanned by a biometric timekeeping device.

**ANSWER:**

    Defendant denies the allegations in this paragraph.

**COMPLAINT ¶7:**

    Unlike ID badges or time cards — which can be changed or replaced if stolen or compromised — biometrics are unique, permanent biometric identifiers associated with each employee.

**ANSWER:**

    Defendant denies the allegations in this paragraph.

**COMPLAINT ¶8:**

    This exposes Defendant's employees, including Plaintiff, to serious and irreversible privacy risks.

**ANSWER:**

    Defendant denies the allegations in this paragraph.

**COMPLAINT ¶9:**

    For example, if a biometric database is hacked, breached, or otherwise exposed — such as in the recent Equifax, Uber, Facebook/Cambridge Analytica, and Marriott data breaches or misuses — employees have no means by which to prevent identity theft, unauthorized tracking, and other improper or unlawful use of this highly personal and private information.

**ANSWER:**

    Defendant denies the allegations in this paragraph.

**COMPLAINT ¶10:**

    In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), available at www.opm.gov/cybersecurity/cybersecurity-incidents.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶11:**

An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data — including fingerprints, iris scans, and a facial photograph — of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), available at https:// www.washingtonpost.com/ news/worldviews/wp/2018/01/04/a-securitv-breach-inindiahas-left-a-billion-people-at-risk-of-identify-theft/Putm_term=.b3c70259 f138.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶12:**

In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), available at http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-haveaccessto-billion-aadhaar-details/523361.html.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶13:**

Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect and store Illinois citizens' biometrics.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶14:**

As an employee/worker of Defendant, Plaintiff was required to "clock in" and "clock out" of work shifts by having her scanned by a biometric timeclock which identified each employee, including Plaintiff.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶15:**

Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards employees' statutorily protected privacy rights and unlawfully collects, stores, and uses employees' biometric data in violation of BIPA. Specifically, Defendant has violated and continues to violate BIPA because it did not and, upon information and belief, continues not to:

    a.     Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their (s) were being collected, stored, disseminated and used, as required by BIPA;

    b.     Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' (s), as required by BIPA;

    c.     Receive a written release from Plaintiff and others similarly situated to collect, store, disseminate or otherwise use their (s), as required by BIPA; and

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶16:**

The State of Illinois takes the privacy of biometric data seriously.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, they are denied.

**COMPLAINT ¶17:**

There is no realistic way, absent surgery, to reassign someone's biometric data. A person can obtain a new social security number, but not a new hand, which makes the protection of, and control over, biometric identifiers and biometric information particularly important.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶18:**

Upon information and belief, Plaintiff and the Class members may be aggrieved because Defendant may have improperly disclosed employees' biometrics to third-party vendors in violation of BIPA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶19:**

Plaintiff and the putative Class are aggrieved by Defendant's failure to destroy their biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of employees' last interactions with the company.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**ILLINOIS'S STRONG STANCE ON PROTECTION OF BIOMETRIC INFORMATION**

**COMPLAINT ¶20:**

BIPA provides valuable privacy rights, protections, and benefits to employees in Illinois.

6

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶21:**

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. See 740 ILCS 14/5.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶22:**

In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. The bankruptcy was alarming to the Illinois legislature because there was suddenly a serious risk that millions of fingerprint records — which, similar to other unique biometric identifiers, can be linked to people's sensitive financial and personal data — could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware the scanners were not transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now- bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶23:**

Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. See Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

**ANSWER:**

Defendant admits that this paragraph purports to paraphrase portions of the Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5. Answering further, Defendant states the cited authority speaks for itself and, accordingly, denies any remaining allegations in this paragraph.

**COMPLAINT ¶24:**

Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶25:**

BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a.    Informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

    b.    Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.    Receives a written release executed by the subject of the biometric identifier or biometric information."

See 740 ILCS 14/15(6).

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶26:**

BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶27:**

Biometric identifiers include fingerprints, retina and iris scans, voiceprints, and scans of hand and face geometry. See 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶28:**

BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. See, e.g., 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. See, 740 ILCS 14/15(d)(1).

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶29:**

BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires companies to develop and comply with a written policy — made available to the public — establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that the statute speaks for itself and denies the remaining allegations in this paragraph.

**COMPLAINT ¶30:**

The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and — most significantly — the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶31:**

BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which

their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COMPLAINT ¶32:**

Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, they are denied.

**PLAINTIFF SPECIFIC ALLEGATIONS**

**COMPLAINT ¶33:**

Plaintiff was required to "clock-in" and "clock-out" using a timeclock that operated, at least in part, by scanning Plaintiff's [sic].

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶34:**

As an employee, Plaintiff was required to scan at least one finger, multiple times, so Defendant could create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶35:**

Defendant then used Plaintiff's biometrics as an identification and authentication method to track her time, potentially with the help of a third-party vendor.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶36:**

Defendant subsequently stored Plaintiff's biometric data in its database(s).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶37:**

Each time Plaintiff began and ended her workday, in addition to clocking in and out for lunches, she was required to scan her using the biometric timeclock device.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶38:**

Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, or used her biometrics.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefor denies the allegations.

**COMPLAINT ¶39:**

Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her biometrics.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefor denies the allegations.

**COMPLAINT ¶40:**

Plaintiff has never been provided with nor ever signed a written release allowing Defendant to collect, capture, store, or otherwise obtain her (s), handprint, hand geometry, or other biometrics.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefor denies the allegations.

**COMPLAINT ¶41:**

Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶42:**

BIPA protects employees like Plaintiff and the putative Class from this precise conduct, and Defendant had no right to secure this data.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which

no answer is required, and, to the extent an answer is required, Defendant denies the allegations in

this paragraph.

**COMPLAINT ¶43:**

Through BIPA, the Illinois legislature has created a right — a right to receive certain information prior to an employer securing their highly personal, private and proprietary biometric data — and an injury — not receiving this extremely critical information.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response

is required. To the extent there are allegations in this paragraph against Defendant, they are denied.

**COMPLAINT ¶44:**

Pursuant to 740 ILCS 14/15(6), Plaintiff and the putative Class were entitled to receive certain information prior to Defendant securing their biometric data; namely, information advising them of the specific limited purpose(s) and length of time for which it/they collect(s), store(s), and use(s) their (s) and any biometrics derived therefrom; information regarding Defendant's biometric retention policy; and, a written release allowing Defendant to collect and store their private biometric data.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which

no answer is required, and, to the extent an answer is required, Defendant denies the allegations in

this paragraph.

**COMPLAINT ¶45:**

No amount of time or money can compensate Plaintiff if her biometric data is compromised by the lax procedures through which Defendant captured, stored, used, and disseminated Plaintiff's and other similarly-situated individuals' biometrics, and Plaintiff would not have provided her biometric data to any Defendant if she had known that they would retain such information for an indefinite period of time without her consent.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶46:**

A showing of actual damages beyond a violation of the BIPA statute is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

**ANSWER:**

Defendant admits that this paragraph purports to paraphrase portions of the *Rosenbach v.*

*Six Flags Entm't Corp.* decision.  Answering further, Defendant states the cited decision speaks

for itself and, accordingly, denies any remaining allegations in this paragraph.

**COMPLAINT ¶47:**

As Plaintiff is not required to allege or prove actual damages beyond a violation of Plaintiffs statutory rights in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

**ANSWER:**

Defendant admits that Plaintiff seeks statutory damages, but denies that Plaintiff is entitled

to any relief whatsoever and denies the allegations in this paragraph.

**DEFENDANT'S BIOMETRIC FINGER-SCANNING OF EMPLOYEES**

**COMPLAINT ¶48:**

By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using employees' biometric data as an authentication method stopped doing so.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response

is required.  To the extent there are allegations in this paragraph against Defendant, Defendant

states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations concerning "most companies" and therefore denies them and the remaining allegations

in this paragraph.

**COMPLAINT ¶49:**

However, Defendant failed to take note of the shift in Illinois law governing the collection and use of biometric data. As a result, Defendant continues to collect, store, use, and disseminate employees' biometric data in violation of BIPA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶50:**

At relevant times, Defendant has taken the rather invasive and coercive step of requiring employees to be scanned, and then using biometric information captured from those scans, and data derived therefrom, to identify the employee and track employee work time.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**<u>COMPLAINT ¶51:</u>**

After an employee's finger scans are captured, collected, and/or recorded by Defendant, employees are subsequently required to scan their finger into one of Defendant's biometric time clocks when they clock in or out at work.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**<u>COMPLAINT ¶52:</u>**

Defendant captured, collected, stored, and/or otherwise obtained the employee's biometrics in order to identify and verify the authenticity of the employee who is clocking in or out.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**<u>COMPLAINT ¶53:</u>**

Moreover, Defendant caused these biometrics to be associated with employees, along with other employee personal and work information.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**<u>COMPLAINT ¶54:</u>**

Defendant has a practice of using biometric time clocks to track its employees, albeit without regard to Illinois' requirements under BIPA.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**<u>COMPLAINT ¶55:</u>**

As part of the employee time-clocking process, Defendant caused biometrics from employee finger scans to be recorded, collected, captured, and stored at relevant times.

**<u>ANSWER:</u>**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶56:**

Defendant has not, on information and belief, properly informed employees in writing that a biometric identifier or biometric information is being captured, obtained, collected or stored; informed employees in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; obtained employees' proper written consent to the capture, collection, obtainment or storage of their biometric identifier and biometric information derived from it; or obtained employees' executed written release as a condition of employment.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶57:**

When Plaintiff arrived for work, and when Plaintiff left or clocked in or out of work, at relevant times during her employment, Defendant required Plaintiff to submit Plaintiff's finger scan to the biometric timekeeping system.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶58:**

The system captured, collected, stored, and/or otherwise obtained Plaintiff's biometrics.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶59:**

Defendant further required Plaintiff to scan Plaintiff's finger(s) in order to use the biometric system, so that the timekeeping system captured, collected, stored, and/or otherwise obtained Plaintiff's finger scan, matched Plaintiff's finger scan biometrics, and associated Plaintiff's biometrics with Plaintiff's identity.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶60:**

Defendant did not at any time, on information and belief: inform Plaintiff in writing (or otherwise) that a biometric identifier and biometric information was being obtained, captured, collected, and/or stored, or of the specific purposes and length of term for which a biometric

identifier or biometric information was being collected, captured, stored, and/or used; obtain, or attempt to obtain, Plaintiff's executed written release to have Plaintiff's biometrics captured, collected, stored, or recorded as a condition of employment — Plaintiff did not provide consent required by BIPA to the capture, collection, storage, obtainment, and/or use of Plaintiff's , finger scan, finger geometry, or associated biometrics. Nor did Plaintiff know or fully understand that Defendant was collecting, capturing, and/or storing biometrics when Plaintiff was scanning Plaintiff's finger; nor did Plaintiff know or could Plaintiff know all of the uses or purposes for which Plaintiff's biometrics were taken.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶61:**

Upon information and belief, Defendant has not publicly disclosed its retention schedule and guidelines for permanently destroying employee biometrics, if they exist.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶62:**

Defendant, on information and belief, has no written policy, made available to the public, that discloses its retention schedule and/or guidelines for retaining and then permanently destroying biometric identifiers and information.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶63:**

The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendant's — where individuals are aware that they are providing a biometric but not aware of to whom or for what purposes they are doing so — is dangerous.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶64:**

That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers or information such as a finger scan, and/or data derived therefrom, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**COMPLAINT ¶65:**

Thus, BIPA is the Illinois Legislatures expression that Illinois citizens have biometric privacy rights, as created by BIPA.

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response is required. To the extent there are allegations in this paragraph against Defendant, they are denied.

**COMPLAINT ¶66:**

Defendant disregarded these obligations and instead unlawfully collected, stored, and used employees' biometric identifiers and information, without ever receiving the individual's informed written consent as required by BIPA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶67:**

Because Defendant neither published a BIPA-mandated data retention policy nor disclosed the purposes for their collection of biometric data, Defendant's employees have no idea whether Defendant sells, discloses, re-discloses, or otherwise disseminates his or her biometric data.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶68:**

Nor are Plaintiff and the putative Class told whom Defendant currently discloses his or her biometric data, or what might happen to his or her biometric data in the event of a buyout, merger, or a bankruptcy.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶69:**

By and through the actions detailed above, Defendant has not only disregard[sic] the Class' privacy rights, but it has also violated BIPA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶70:**

Defendant's above-described use of biometrics benefits only Defendant. There is no corresponding benefit to employees: Defendant has required or coerced employees to comply in order to receive a paycheck, after they have been committed to the job.

**ANSWER:**

Defendant denies the allegations in this paragraph.

## CLASS ALLEGATIONS

**COMPLAINT ¶71:**

Plaintiff brings this action on behalf of herself and pursuant to 735 ILCS 5/2-801 on behalf of a class (hereinafter the "Class") defined as follows:

All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

Excluded from the class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

**ANSWER:**

Defendant admits that the Complaint purports to bring a class action. Defendant denies that Plaintiff can meet the requirements for certifying a class, denies that Plaintiff or the alleged putative class can obtain any damages or other relief, and denies the remaining allegations in this paragraph.

## COMPLAINT ¶72:

**Numerosity**: The exact number of class members is unknown and is not available to Plaintiff at this time, but upon information and belief, there are in excess of forty potential class members, and individual joinder in this case is impracticable. Class members can easily be identified through Defendant's records and allowing this matter to proceed on a class basis will prevent any retaliation by Defendant against current employees who are currently having their BIPA rights violated.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶73:

**Common Questions**: There are several questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual Class members. Common questions include, but are not limited to, the following:

a.      whether Defendant has a practice of capturing or collecting employees' biometrics;

b.      whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendant, whichever occurs first;

c.      whether Defendant obtained an executed written release from finger scanned employees before capturing, collecting, or otherwise obtaining employee biometrics;

d.      whether Defendant obtained an executed written release from finger scanned employees, as a condition of employment, before capturing, collecting, converting, sharing, storing or using employee biometrics;

e.      whether Defendant provided a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored, and used;

f.      whether Defendant provided a writing disclosing to finger scanned employees the length of time for which the biometrics are being collected, stored, and used;

g.      whether Defendant's conduct violates BIPA;

h.      whether Defendant's conduct was negligent, reckless, or willful;

i.      whether Plaintiff and Class members are entitled to damages, and what is the proper measure of damages;

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶74:**

**Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interest of the class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no interests antagonistic to those of the class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶75:**

**Appropriateness**: Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Further, it would be virtually impossible for the individual members of the Class to obtain effective relief because of the fear and likelihood of retaliation by Defendant against current employees bringing a civil action as an individual. Even if Class members were able or willing to pursue such individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single Court, and would result n reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COUNT I - FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(a) — FAILURE TO INSTITUTE,**
**MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

**COMPLAINT ¶76:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to the foregoing allegations as if fully set forth herein.

**COMPLAINT ¶77:**

BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention — and, importantly, deletion — policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

**ANSWER:**

Defendant admits that this paragraph purports to paraphrase portions of 740 ILCS 14/15(a).

Answering further, Defendant states the cited statute speaks for itself and, accordingly, denies any

remaining allegations in this paragraph.

**COMPLAINT ¶78:**

Defendant fails to comply with these BIPA mandates.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶79:**

Defendant is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶80:**

Plaintiff is an individual who had her "biometric identifiers" collected by each Defendant, as explained in detail in above. See 740 ILCS 14/10.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶81:**

Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

23

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶82:**

Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. See 740 ILCS 14/15(a).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶83:**

Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs and the Class's biometric data and have not and will not destroy Plaintiffs and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶84:**

On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**ANSWER:**

Defendant admits that Plaintiff seeks damages and other relief, but denies that Plaintiff is entitled to any relief whatsoever and denies the allegations in this paragraph.

**COUNT II - FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(b) - FAILURE TO OBTAIN INFORMED**
**WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC**
**IDENTIFIERS OR INFORMATION**

**COMPLAINT ¶85:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to the foregoing allegations as if fully set forth herein.

**COMPLAINT ¶86:**

BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information..." 740 ILCS 14/15(b) (emphasis added).

**ANSWER:**

Defendant states that there are no allegations against it in this paragraph, thus, no response

is required. To the extent there are allegations in this paragraph against Defendant, Defendant

states that the statute speaks for itself and denies the remaining allegations in this Paragraph.

**COMPLAINT ¶87:**

Defendant fails to comply with these BIPA mandates.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶88:**

Defendant is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶89:**

Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants, as explained in detail above. See 740 ILCS 14/10.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶90:**

Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

**ANSWER:**

Defendant states that the allegations in this paragraph call for a legal conclusion to which

no answer is required, and, to the extent an answer is required, Defendant denies the allegations in

this paragraph.

**COMPLAINT ¶91:**

Defendant systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(6)(3).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶92:**

Defendant never informed Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶93:**

By collecting, storing, using and disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. See 740 ILCS 14/1, *et seq*.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶94:**

On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**ANSWER:**

Defendant admits that Plaintiff seeks damages and other relief, but denies that Plaintiff is

entitled to any relief whatsoever and denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class of similarly situated

individuals, prays for an Order as follows:

A.    Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, et seq., and certifying the Class as defined herein;

B.    Designating and appointing Plaintiff as representative of the Class and Plaintiffs undersigned counsel as Class Counsel;

C.    Declaring that Defendant's actions, as set forth above, violate BIPA;

D.    Awarding Plaintiff and the Class members statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2); statutory damages of $1,000 per each negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

E.    Declaring that Defendant's actions, as set forth above, were intentional or reckless;

F.    Declaring that Defendant's actions, as set forth above, were negligent;

G.    Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

H.    Awarding Plaintiff and the Class members reasonable attorneys' fees and costs incurred in this litigation pursuant to 740 ILCS 14/20(3);

I.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

J.    Granting all such other and further relief as the Court deems just and appropriate.

**ANSWER:**

Defendant denies that Plaintiff or the alleged putative class are entitled to any relief, and denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during the course of this litigation.

### First Affirmative Defense
### (Preemption and Exclusion)

Alleged putative class members' and Plaintiff's claims are preempted pursuant to the Labor Management Relations Act, BIPA exclusions in 740 ILCS 14/25, or as provided in any provision of BIPA.

### Second Affirmative Defense
### (Government Contractor Exemption)

Alleged putative class members' and Plaintiff's claims are barred in whole or in part pursuant to the government contractor exemption of BIPA, 740 ILCS 14/25(e), because Defendant

meets the definition of a "contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government" as defined by the subsection, and is therefore exempted from the statute. *See id.*

### Third Affirmative Defense
### (Assumption of the Risk)

Plaintiff and the alleged putative class had actual and constructive knowledge of the alleged risks inherent in the use of the system alleged in the Complaint. Nonetheless, Plaintiff and the alleged putative class voluntarily undertook such risks and to the extent that Plaintiff and the alleged putative class suffered any injury, the proximate cause of such injury was not a negligent action nor omission by Defendant. Thus, to the extent that Plaintiff and the alleged putative class allegedly suffered an injury from placing their hands or fingers on a hand- or fingerprint-scanner, any recovery against Defendant should be barred or reduced by the degree to which Plaintiff and the alleged putative class voluntarily assumed the risks inherent in their use of the system alleged in the Complaint and any resulting injury therefrom.

### Fourth Affirmative Defense
### (Consent)

Plaintiff and the alleged putative class' claims are barred in whole or in part because Plaintiff and the alleged putative class consented to the practices they challenge by expressly or impliedly agreeing to the use of the system alleged in the Complaint.

### Fifth Affirmative Defense
### (Waiver/Estoppel)

Plaintiff and the alleged putative class' claims are barred in whole or in part by the doctrine of waiver. Upon information and belief, Plaintiff and the alleged putative class approved and, in some cases, participated in the conduct Plaintiff now complains of. As a result, Plaintiff and the alleged putative class are barred from bringing BIPA claims under the doctrine of waiver.

**Sixth Affirmative Defense**
**(Statute of Limitations)**

Plaintiff and the alleged putative class' claims are barred to the extent that Plaintiff and the alleged putative class failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations.

**Seventh Affirmative Defense**
**(Due Process)**

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that she and the alleged putative class members she seeks to represent are entitled to recover $1,000 in statutory damages for each alleged negligent violation of BIPA and $5,000 in statutory damages for each alleged willful and/or reckless violation of BIPA. Plaintiff and the alleged putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the alleged putative class members, and therefore any award of statutory damages to the Plaintiff or alleged putative class members would violate Defendant's due process rights.

**Eighth Affirmative Defense**
**(Good Faith)**

The claims in the Complaint are barred in whole or in part by Defendant's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Defendant's conduct, Defendant is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

**Ninth Affirmative Defense**
**(Ratification/Acquiescence)**

The claims in the Complaint are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff and the alleged putative class approved and, in some cases, participated in the complained-of conduct. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

**Tenth Affirmative Defense**
**(Substantial Compliance)**

The claims in the Complaint are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which Defendant denies), Defendant substantially complied with the requirements of BIPA.

**Eleventh Affirmative Defense**
**(Intervening/Superseding Cause)**

The claims in the Complaint, or a portion of them, if any, are barred because any damages incurred were caused by intervening or superseding causes, and not as a result of any action or omission of Defendant. Such intervening or superseding causes include but are not limited to any actions or omissions by third-parties.

**Twelfth Affirmative Defense**
**(Unenforceable Penalty)**

The prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages. Instead, such recovery amounts to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

31

### Thirteenth Affirmative Defense
### (BIPA is Special Legislation)

Plaintiff's claims and the claims of alleged putative class members are barred because the Biometric Information Privacy Act is "special legislation" and, therefore, violates the Illinois' State Constitution. *See Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 802 N.E.2d 752 (2003).

### Fourteenth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff's claims and the claims of alleged putative class members should be reduced due to Plaintiff and the alleged putative class members' failure to mitigate damages.

### Fifteenth Affirmative Defense
### (Traceability and Redressability)

Each alleged putative class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA or negligence, and the relief sought would not redress any such injury. Plaintiff claims that Defendant's alleged noncompliance with BIPA's notice and consent provisions disregarded her privacy rights and caused informational injury, economic harm and mental anguish with a constant risk of exposure and dissemination of their biometric identifiers and biometric information. Yet, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any alleged putative class member from knowingly and voluntarily using finger scan devices, and therefore would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

### Sixteenth Affirmative Defense
### (Mootness)

The claims in the Complaint are barred, in whole or in part, to the extent they are or become moot as to Plaintiff and some or all purported members of the alleged putative class. Settlements or dispositive rulings in overlapping BIPA actions may moot the claims at issue here.

### Seventeenth Affirmative Defense
### (Preemption and Exclusion)

Alleged putative class members' and Plaintiff's claims are preempted pursuant to the Labor Management Relations Act, BIPA exclusions in 740 ILCS 14/25, or as provided in any provision of BIPA.

### Eighteenth Affirmative Defense
### (Disclosure Exceptions)

The claims in the Complaint are barred in whole or in part because any alleged disclosure falls within BIPA's financial transaction exception or exception for disclosure required by law. Specifically, BIPA permits disclosure of biometric identifiers or biometric information to "complete[] a financial transaction requested or authorized by the subject" or if "required by State or federal law or municipal ordinance. 740 ILCS 14/15(d)(2), (3). Any disclosure by Defendant of biometric identifiers or biometric information of Plaintiff or purported members of the alleged putative class was for the purpose of completing a financial transaction requested or authorized by Plaintiff or purported members of the alleged putative class or required by law.

### Nineteenth Affirmative Defense
### (Statutory Damages)

The Complaint's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in the BIPA.

**Twentieth Affirmative Defense**
**(After-Acquired Evidence Doctrine)**

Plaintiff and the alleged putative class may be barred, in whole or in part, from recovery of

damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

**Twenty-First Affirmative Defense**
**(No Ascertainable Class)**

The putative class alleged in the Complaint is inappropriate for class certification because

there is no ascertainable class.

**Twenty-Second Affirmative Defense**
**(Numerosity)**

The putative class alleged in the Complaint is inappropriate for class certification because

the class is not so numerous that joinder of all members is impracticable.

**Twenty-Third Affirmative Defense**
**(Predominance)**

The putative class alleged in the Complaint is inappropriate for class certification because

common issues of law and fact do not predominate over individual issues.

**Twenty-Fourth Affirmative Defense**
**(Common Questions of Law and Fact)**

The putative class alleged in the Complaint is inappropriate for class certification because

there is no well-defined community of interest in or commonality between the questions of law

and fact in this putative class action.

**Twenty-Fifth Affirmative Defense**
**(Typicality)**

The putative class alleged in the Complaint is inappropriate for class certification because

Plaintiff's claims are not typical of the claims of other purported members of the alleged putative

class.

### Twenty-Sixth Affirmative Defense
### (Superiority)

The putative class alleged in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fair and efficient adjudication of this matter.

### Twenty-Seventh Affirmative Defense
### (Adequate Representation)

The putative class alleged in the Complaint is inappropriate for class certification because neither Plaintiff nor her counsel are able to fairly and adequately protect the interest of all purported members of the alleged putative class.

### Twenty-Eighth Affirmative Defense
### (Impropriety of Class-Wide Injunctive Relief)

Injunctive relief is barred because Plaintiff and the purported members of the alleged putative class have not suffered irreparable harm and there is no real or immediate threat of injury.

### Twenty-Ninth Affirmative Defense
### (No Retention/Storage/Collection/Possession/Capture/Purchase/Reception/Transimission/
### Disclosure)

The claims in the Complaint are barred, in whole or in part, because Defendant did not retain, store, collect, possess, capture, purchase, receive, transmit, or disclose biometric identifiers or biometric information as defined under BIPA.

DATED:  June 1, 2022                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Richard P. McArdle* _____

                                        Richard P. McArdle
                                        rmcardle@seyfarth.com
                                        Danielle M. Kays
                                        dkays@seyfarth.com
                                        Sarah K. Bauman
                                        sbauman@seyfarth.com
                                        SEYFARTH SHAW LLP
                                        233 South Wacker Drive, Suite 8000
                                        Chicago, Illinois 60606
                                        Telephone: (312) 460-5000
                                        Facsimile:   (312) 460-7000

                                        ***Attorneys for Defendant Motivate LLC***

## CERTIFICATE OF SERVICE

I, Richard P. McArdle, an attorney, do hereby certify that I have caused a true and correct

copy of the foregoing **ANSWER TO CLASS ACTION COMPLAINT** to be served upon the

following counsel of record via ECF on this 1st day of June 2022:

> Brandon M. Wise
> Paul A. Lesko
> Adam J. Florek
> PEIFFER WOLF CARR KANE CONWAY & WISE LLP
> 818 Lafayette Ave., Floor 2
> St. Louis, MO 63104
> bwise@peifferwolf.com
> aflorek@peifferwolf.com
> Tel.: (314) 833-4825

*/s/ Richard P. McArdle*